# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE JONES and MARK JONES,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendants.<br>_____/ | 1:08-cv-00069-LJO-SMS-PC<br><br>ORDER SEVERING PLAINTIFFS' CLAIMS, AND DIRECTING CLERK'S OFFICE TO OPEN NEW ACTION FOR PLAINTIFF CHRISTINE JONES<br><br>THIRTY DAY DEADLINE FOR PLAINTIFFS TO EACH FILE AN AMENDED COMPLAINT |

**I.   PROCEDURAL HISTORY**

Plaintiffs, Christine Jones and Mark Jones ("plaintiffs"), husband and wife, are proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff Mark Jones is a state prisoner. Plaintiff Christine Jones is not incarcerated. Plaintiffs filed this action on December 5, 2007, at the United States District Court for the Northern District of California. On January 7, 2008, the case was transferred to the Eastern District of California and received at this court on January 14, 2008. (Doc. 1.)

**II.   SEVERANCE OF CLAIMS**

After reviewing the complaint, the court has determined that each plaintiff should proceed separately on his or her own claims. Rule 21 of the Federal Rules of Civil Procedure provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own

1   initiative at any stage of the action and on such terms as are just," and "[a]ny claim against a party
2   may be severed and proceeded with separately." Courts have broad discretion regarding severance.
3   See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1297 (9th Cir. 2000); Maddox v. County of
4   Sacramento, No. 2:06-cv-0072-GEB-EFB, 2006 WL 3201078, *2 (E.D.Cal. Nov. 6, 2006).

5         Plaintiff Mark Jones is presently housed at the California Substance Abuse Treatment Facility
6   in Corcoran, California. Plaintiff Christine Jones currently resides in Petaluma, California. In the
7   court's experience, an action brought by multiple plaintiffs proceeding pro se in which one or more
8   of the plaintiffs are incarcerated presents procedural problems that cause delay and confusion. Delay
9   often arises from the frequent transfer of inmates to other facilities or institutions, the changes in
10  address that occur when inmates are released on parole, and the difficulties faced by inmates who
11  attempt to communicate with each other and other unincarcerated individuals. Further, the need for
12  all plaintiffs to agree on all filings made in this action, and the need for all filings to contain the
13  original signatures of all plaintiffs will lead to delay and confusion. Therefore, plaintiffs' claims
14  shall be severed, plaintiff Mark Jones shall proceed as the sole plaintiff in this action, and a new
15  action shall be opened for plaintiff Christine Jones. Gaffney v. Riverboat Serv. of Indiana, 451 F.3d
16  424, 441 (7th Cir. 2006). Each plaintiff shall be solely responsible for prosecuting his or her own
17  action.

18        Since the claims of plaintiffs Mark Jones and Christine Jones will be severed, each plaintiff
19  shall be given thirty days to file, in his or her own action, an amended complaint. Under Rule 15(a)
20  of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so
21  requires.'" Plaintiffs must each demonstrate in their individual amended complaints how the
22  conditions complained of resulted in a deprivation of their constitutional rights. See Ellis v. Cassidy,
23  625 F.2d 227 (9th Cir. 1980). Each amended complaint must specifically state how each defendant
24  is involved. Further, there can be no liability under 42 U.S.C. § 1983 unless there is some
25  affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo,
26  423 U.S. at 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743.

27        Plaintiffs should note that although they have been given the opportunity to amend, it is not
28  for the purposes of adding new defendants relating to issues arising after December 5, 2007.

Finally, plaintiffs are advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Each amended complaint should be clearly and boldly titled "FIRST AMENDED COMPLAINT," refer to the appropriate case number, and be an original signed under penalty of perjury.

**III.    ORDER**

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff Mark Jones shall proceed as the sole plaintiff in case number 1:08-cv-00069-LJO-SMS-PC;
2. The claims of plaintiff Mark Jones are severed from the claims of plaintiff Christine Jones;
3. The Clerk of the Court is directed to:
    a. Open a separate civil action for plaintiff Christine Jones;
    b. Assign the new action to the district judge and magistrate judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;
    c. File and docket a copy of this order in the new action opened for plaintiff Christine Jones;
    d. Place a copy of the complaint filed on December 5, 2007 in the instant action in the new action opened for plaintiff Christine Jones;
    e. Send plaintiffs Mark Jones and Christine Jones each an endorsed copy of the complaint, filed December 5, 2007, bearing the case number assigned to his or her own individual action;
    f. Send plaintiffs Mark Jones and Christine Jones each a § 1983 form complaint;

4. Within **thirty (30) days** from the date of service of this order, plaintiffs Mark Jones and Christine Jones shall each file an amended complaint bearing his or her own case number;

5. Each amended complaint should be clearly and boldly titled "FIRST AMENDED COMPLAINT" and be an original signed under penalty of perjury; and

6. <u>The failure to comply with this order will result in a recommendation that the action be dismissed</u>.

IT IS SO ORDERED.

**Dated:**   September 11, 2008              /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE