# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK JONES, | 1:08-cv-00069-LJO-SMS-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF INJUNCTIVE RELIEF AND DENIAL OF MOTION FOR LEAVE TO ADD THREE NEW DEFENDANTS |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | (Doc. 10.) |
| Defendants. | OBJECTIONS, IF ANY, DUE IN 30 DAYS |

**I.  PROCEDURAL HISTORY**

Plaintiff Mark Jones , is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action was filed on December 5, 2007, by plaintiffs Mark Jones and Christine Jones at the United States District Court for the Northern District of California.  On January 7, 2008, the case was transferred to the Eastern District of California and received at this court on January 14, 2008. (Doc. 1.) On September 16, 2008, the court issued an order severing the two plaintiffs' claims and ordering the clerk to open a new case for plaintiff Christine Jones.  (Doc. 11.)  As a result, plaintiff Mark Jones ("plaintiff") proceeds as the only plaintiff in this action.

On September 2, 2008, plaintiff filed a motion for the court to issue a protective order,  make an investigation into staff misconduct, hold an evidentiary hearing, grant plaintiff leave to add three

new defendants to this action, issue an order to show cause, and issue an order for the return of plaintiff's legal property, cassette player, adapter and hot pot.

## II. INJUNCTIVE RELIEF

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

This action is proceeding against defendants for violations of plaintiff's rights under the Fourth, Eighth, and Fourteenth Amendments, based on events occurring during a visit to the prison by plaintiff's wife on September 14, 2007. Plaintiff now requests a court order protecting him from threats, intimidation, and retaliation for filing prison grievances. Plaintiff also requests an investigation and an evidentiary hearing regarding recent staff misconduct. In addition, plaintiff requests the return of his property taken by prison staff. Because these orders would not remedy any of the claims upon which this action proceeds, the court lacks jurisdiction to issue the orders sought by plaintiff, and plaintiff's requests must be denied.

1  **III.    MOTION FOR LEAVE TO ADD DEFENDANTS**

Plaintiff also requests leave to add three new defendants to this action based on events occurring in August 2008.  Plaintiff is cautioned that he may not add new and unrelated claims that arose after this suit was filed.  Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion must occur *prior* to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and "[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth v. Churner, 532 U.S. 731, 739 n.5 (2001)).  Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth, 532 U.S. at 741.

In a "conflict between Federal Rule of Civil Procedure 15 and the PLRA, the rule would have to yield to the later-enacted statute to the extent of the conflict." Harris v. Garner, 216 F.3d 970, 982 (11th Cir. 2000).  Rule 15 "does not and cannot overrule a substantive requirement or restriction contained in a statute (especially a subsequently enacted one)." Id. at 983; see also Cox v. Mayer, 332 F.3d 422, 428 (6th Cir. 2003) (citing Harris for this proposition with favor).  Allowing plaintiff to pursue new claims would allow plaintiff to thwart the mandate of section 1997e(a), which requires that claim exhaustion occur prior to filing suit and not during the pendency of the suit. McKinney, 311 F.3d at 1199-1201.

Plaintiff wishes to add claims which accrued in August 2008, which is after the date plaintiff commenced this action.  Therefore, plaintiff may not pursue these claims in the present action, and plaintiff's request to add defendants must be denied.

///

///

### IV.     CONCLUSION

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for preliminary injunctive relief and motion for leave to add new defendants, filed September 2, 2008, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    September 19, 2008**                    /s/ Sandra M. Snyder
                                                                         UNITED STATES MAGISTRATE JUDGE