# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY JONES, et al., | CASE NO. 1:08-cv-00069-LJO-GBC PC |
| Plaintiffs, | ORDER DISMISSING SECOND AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO COMPLY WITH A COURT ORDER |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | (Doc. 24) |
| Defendants. | ORDER DENYING PLAINTIFFS' MOTION FOR JUDICIAL NOTICE |
| | (Doc. 26) |
| | THIRTY-DAY DEADLINE |

## I. Procedural History

Plaintiffs Mark Anthony Jones and Christine Jones ("Plaintiffs"), husband and wife, filed a civil rights action pursuant to 42 U.S.C. § 1983 on December 5, 2007. Mark Jones is a state prisoner, proceeding in forma pauperis in this action, and is incarcerated at the California Substance Abuse Treatment Facility (CSATF) in Corcoran, California. Christine Jones resides in Petaluma, California. The complaint was screened on September 16, 2008, and an order was issued severing Plaintiffs' claims. (Doc. 11.) The Court reconsidered the severance and ordered consolidation of the actions on September 2, 2009. (Doc. 20.) On November 17, 2009, the original complaint was screened and an order was issued directing Plaintiffs to file a second amended complaint containing an original signature of both Plaintiffs. (Doc. 23.) On December 10, 2009, Mark Jones filed a second amended complaint, containing only his name in the caption, with only his signature. (Doc.

24.) On December 22, 2009, Christine Jones filed an objection to the requirement that both signatures appear on the complaint. (Doc. 25.) On June 24, 2010, Christine Jones filed a motion for the Court to take judicial notice that Plaintiffs are ready to prosecute the case. (Doc. 26.)

## II.    Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiffs must demonstrate that each defendant personally participated in the deprivation of their rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## III.    Complaint Allegations

The incidents alleged in the complaint occurred at CSATF, where Mark Jones has been

1  validated as a member of the Black Guerrilla Family prison gang and is a known litigator. (Doc. 24,
2  Second Amend. Comp., p. 4:16-24.) On August 20, 2007, Correctional Officer ("CO") C. Cribbs
3  approached Mark Jones, who was on the phone, and told him that his fifteen minutes were up. Mark
4  Jones told CO Cribbs that his time was not up. CO Cribbs again told Mark Jones that his time was
5  up. Mark Jones turned his back on the CO and continued talking on the phone. CO Cribbs
6  disconnected the phone call. CO Cribbs told Mark Jones to return to his cell immediately. Mark
7  Jones responded, "You are a punk ass bitch." CO Cribbs again told Mark Jones to return to his cell.
8  Mark Jones responded, "Your mom is a bitch and you are a bitch." Once again, CO Cribbs told
9  Mark Jones to return to his cell. As Mark Jones started to walk to his cell, he turned to CO Cribbs
10 and said, "You are a stupid mother fucker." CO Cribbs told Mark Jones to stop delaying the
11 program and return to his cell. (Id., at. 20.) Mark Jones was charged with a rule violation for
12 willfully delaying a peace officer. (Id. at 22.)

13       On September 14, 2007, Christine Jones went to CSATF to visit her husband, Mark Jones.
14 She was searched for drugs by Defendant Couch, without a warrant, and then denied visitation with
15 Mark Jones. (Id., at 4:4-9; 5:5-9; 9:20-22.) Defendant Couch allegedly told her that she was not to
16 tell Mark Jones and that he was not to file a grievance regarding what happened or he would be
17 placed in the Security Housing Unit. (Id., at 4:13-15; 9:20-23.) Mark Jones never received an
18 institution termination form informing him that Christine Jones had been denied a visit with him.
19 (Id. at 5:10-14.)

20       A rule violation hearing was held on September 24, 2007, regarding the incident on August
21 20, 2007. Mark Jones was found guilty of the lesser included charge of disrespecting staff. (Id. at
22 24.) He was assessed a ninety day loss of Friday visiting privileges. (Id. at 5:20-26; 26.)

23       On September 26, 2006, Mark Jones alleges that unnamed officers conducted a retaliatory
24 search of his cell. (Id. at 11:8-11.) At the time, Mark Jones was taken to the showers and was
25 denied emergency medical care for severe chest pain by two unnamed Defendants. (Id. at 11:12-14.)
26       Plaintiffs bring this action against Defendants California Department of Corrections and
27 Rehabilitation, Warden Kenneth Clark, Investigative Services Office Couch and two unknown
28 officers for violations of the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.

Plaintiffs' second amended complaint will be dismissed for failure to comply with the Court's order that it contain signatures of both Plaintiffs. Plaintiffs will be given the opportunity to file an amended complaint within thirty days. In the paragraphs that follow, the Court will provide Plaintiffs with the legal standards that appear to apply to their claims. Plaintiffs should carefully review the standards and amend only those claims that they believe, in good faith, are cognizable.[1]

## IV. Legal Standards

### A. Defendant Liability

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Additionally, government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*. Iqbal, 129 S. Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### B. First Amendment

#### 1. Retaliation

A plaintiff may state a claim for a violation of his First Amendment rights due to retaliation under section 1983. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). A viable claim of retaliation in violation of the First Amendment consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonable advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005).

A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated against

---

[1] Although Plaintiffs allege violations of the Fifth and Sixth Amendments, these amendments do not apply to the factual allegations that are contained in the complaint

4

for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994). The burden is on the plaintiff to plead and prove the absence of any legitimate correctional goals for the alleged conduct. Pratt, 65 F.3d at 807.

### C. Fourth Amendment

#### 1. Search of Inmate's Cell

"Prison walls do not form a barrier separating prison inmates from the protections of the Constitution." Turner v. Safley, 482 U.S. 78, 84 (1987). Nevertheless, prisoners' constitutional rights are subject to substantial limitations and restrictions in order to allow prison officials to achieve legitimate correctional goals and maintain institutional security. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987); Bell v. Wolfish, 441 U.S. 520, 546-47 (1979). Prisoners have no expectation of privacy in their prison cells and the Fourth Amendment prohibitions against unreasonable searches does not apply where prison officials conduct searches of inmate's cell. Hudson v. Palmer, 468 U.S. 517, 530 (1984).

In Turner v. Safley, the Supreme Court set forth the standard for evaluating prisoners' constitutional claims. The Court held that "when a prison regulation impinges on inmate's constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. at 89.

#### 2. Search of Visitor

A person entering a penal institution would have a lesser expectation of privacy under the Fourth Amendment. Spear v. Sowders, 71 F.3d 626, 629-30. (6th Cir. 1995) ("visitors can be subjected to some searches, . . . merely as a condition of visitation, absent any suspicion."). Searches conducted as a condition of entering a sensitive public facility can be exempted from the warrant requirement. McMorris v. Alioto, 567 F.2d 897, 898-99 (9th Cir. 1978). The need for security at a prison is sufficiently substantial to justify some type of screening process for visitors as reasonable under the Fourth Amendment. 5 Wayne R. LaFave, Search and Seizure § 10.7(b) (4th ed. 2004). See also Bell, 441 U.S. at 559 (upholding visual body cavity search of prisoners after contact visits with persons outside the prison).

**D.     Eighth Amendment**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted).

Where an inmate is challenging the conditions of confinement he must show there was a deprivation "sufficiently serious" to form the basis of a violation and "the prison official acted "with a sufficiently culpable state of mind." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

**1.     Deliberate Indifference to Medical Needs**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)). Deliberate indifference is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

**2.     Prison Regulations**

There is no independent cause of action for a violation of Title 15 regulations. "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997), quoting Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996).

6

### E. Fourteenth Amendment

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480 (1995). However, a state may "create liberty interests which are protected by the Due Process Clause." Sandin, 515 U.S. at 483-84. A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484).

#### 1. Visitation

It is well established that prisoners do not have an absolute right to receive visits from family members while they are incarcerated. Dunn, 2010 WL 3547637, at *4; see also Overton v. Bazzetta, 123 S. Ct. 2162 (2003) (upholding two year ban on visitation); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (affirming dismissal of prisoner's claim challenging regulation that denied him visits from persons other than his immediate family). A denial of access to a particular visitor is well within the terms of confinement contemplated by a prison sentence. Id., 2 at *4.

### F. Rule 18

Finally, Plaintiffs may not proceed in this action on unrelated claims against different staff members. Pursuant to the Federal Rules of Civil Procedure:, [a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiffs will not

7

be permitted to proceed with a "mishmash of a complaint," id., and are cautioned that if their amended complaint fails to comply with Rule 18(a), the Court will choose which claims will proceed and will dismiss out all unrelated claims.

## V.  Request for Judicial Notice

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Plaintiffs' request that the Court take judicial notice that they are ready to prosecute the case is not a fact that would be subject to judicial notice and is denied.

## VI.  Signature Requirement

The screening order, dated November 17, 2010, ordered that a second amended complaint, signed by both Plaintiffs, be filed within 30 days. (Doc. 23, 3:18-19.)  Plaintiffs contend that both of them are not required to sign the complaint by Fed. R. Civ. Proc. 11(a).  However, Local Rule 131 requires that all pleadings "be signed by the . . . . party involved if that party is appearing in propria persona."  Neither Hagar v. Reclamation Dist., 111 U.S. 701, 708 (1884), nor Hurtado v. California, 110 U.S. 516, 537 (1884), cited by Plaintiffs, support their position that a wife can sign a complaint for her husband.  Plaintiffs are cautioned that failure to comply with the order of the Court will result in the case being dismissed, with prejudice, for failure to comply with the order of the Court.

## VII.  Conclusion and Order

For the reasons stated, Plaintiffs' complaint will be dismissed for failure to comply with the order of the Court.  Plaintiffs are granted one final opportunity to file an amended complaint within thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiffs may not change the nature of this suit by adding new, unrelated claims in their amended complaint.   George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiffs' amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiffs' constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have

caused a constitutional deprivation." <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiffs' request for judicial notice is DENIED;
2. The Clerk's Office shall send Mark Jones and Christine Jones each a civil rights complaint form;
3. Plaintiffs, second amended complaint, filed December 10, 2009, is dismissed for failure to comply with a court order;
4. Within **thirty (30) days** from the date of service of this order, Plaintiffs Mark Jones and Christine Jones shall file a third amended complaint;
5. The third amended compliant should be clearly and boldly titled "THIRD AMENDED COMPLAINT" and be an original signed by both Plaintiffs; and
6. If Plaintiffs fail to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to comply with a court order.

IT IS SO ORDERED.

Dated:     November 8, 2010

UNITED STATES MAGISTRATE JUDGE