# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY JONES, et al., | CASE NO. 1:08-cv-00069-LJO-GBC PC |
| Plaintiffs, | ORDER STRIKING THIRD AMENDED COMPLAINT |
| v. | (Doc. 34) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | ORDER DENYING PLAINTIFFS' MOTION TO STRIKE SECOND AMENDED COMPLAINT |
| Defendants. | (Doc. 32) |
| | THIRTY-DAY DEADLINE |

**I.    Procedural History**

Plaintiffs Mark Anthony Jones and Christine Jones ("Plaintiffs"), husband and wife, filed a civil rights action pursuant to 42 U.S.C. § 1983 on December 5, 2007.  Mark Jones is a state prisoner, proceeding in forma pauperis in this action, and is incarcerated at the California Substance Abuse Treatment Facility (CSATF) in Corcoran, California.  Christine Jones resides in Petaluma, California.  The complaint was screened on September 16, 2008, and an order was issued severing Plaintiffs' claims. (Doc. 11.)  The Court reconsidered the severance and ordered consolidation of the actions on September 2, 2009.  (Doc. 20.)  On November 17, 2009, the original complaint was screened and an order was issued directing Plaintiffs to file a second amended complaint containing an original signature of both Plaintiffs.  (Doc. 23.)  On December 10, 2009, Mark Jones filed a second amended complaint, containing only his name in the caption, with only his signature.  (Doc.

24.) The Court screened the complaint and dismissed it for failure to state a claim, granting Plaintiff's thirty days to file a third amended complaint containing the signatures of both Plaintiffs. On December 15, 2010, a third amended complaint was filed. (Doc. 31.) On the same date, Defendant Christine Jones filed a motion to strike the second amended complaint, an objection to dismissal of the second amended complaint, and a declaration. (Docs. 32, 33, 34.) Defendant Christine Jones' motion to strike the second amended compliant shall be denied as it is moot since the second amended complaint has been dismissed.

A review of the third amended complaint shows that it is signed by only Defendant Mark Jones. As Plaintiffs have previously been informed, Local Rule 131 requires that all pleadings "be signed by the . . . . party involved if that party is appearing in propria persona." (See Doc. 23, p. 2; Doc. 28, p. 8.) Since the third amended complaint does not comply with the order of the Court that it contain the signatures of both Plaintiffs, it shall be stricken. Plaintiffs will be granted one **final** opportunity to file an amended complaint and are cautioned that continued failure to comply with the order of the Court will result in the case being dismissed, **with prejudice**, for failure to comply with the order of the Court.

## II.   Conclusion and Order

For the reasons stated, Plaintiffs' third amended complaint will be stricken for failure to comply with the order of the Court. Plaintiffs are granted one final opportunity to file an amended complaint within thirty days and are referred to the screening order, issued November 11, 2010, for the legal standards that apply to their claims. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiffs may not change the nature of this suit by adding new, unrelated claims in their amended complaint.   George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiffs' amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiffs' constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although

1  accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the
2  speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).
3    Finally, an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>,
4  114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must
5  be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All
6  causes of action alleged in an original complaint which are not alleged in an amended complaint are
7  waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th
8  Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.
9    Based on the foregoing, it is HEREBY ORDERED that:
10   1.  The Clerk's Office shall send Mark Jones and Christine Jones each a civil rights
11       complaint form;
12   2.  Plaintiffs, third amended complaint, filed December 15, 2010, is stricken for failure
13       to comply with a court order;
14   4.  Within **thirty (30) days** from the date of service of this order, Plaintiffs Mark Jones
15       and Christine Jones shall file a fourth amended complaint;
16   5.  The fourth amended compliant should be clearly and boldly titled "FOURTH
17       AMENDED COMPLAINT" and be an original signed by both Plaintiffs; and
18   6.  If Plaintiffs fail to file an amended complaint in compliance with this order, this
19       action will be dismissed, with prejudice, for failure to comply with a court order.
20   IT IS SO ORDERED.
21
22   Dated:  December 22, 2010                             UNITED STATES MAGISTRATE JUDGE

3