# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY JONES, et al., | CASE NO. 1:08-cv-00069-LJO-GBC PC |
| Plaintiffs, | ORDER DISMISSING FOURTH AMENDED COMPLAINT, WITH LEAVE TO AMEND |
| v. | (Doc. 37) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | ORDER SEVERING ACTION AND DIRECTING CLERK'S OFFICE TO RE-OPEN CASE 1:08-cv-01383-LJO-SMS (PC) |
| Defendants. | THIRTY-DAY DEADLINE |

**I.     Procedural History**

Plaintiffs Mark Jones and Christine Jones ("Plaintiffs"), husband and wife, filed a civil rights action pursuant to 42 U.S.C. § 1983 on December 5, 2007. (Doc. 1.) Mark Jones is a state prisoner, proceeding in forma pauperis in this action, and is incarcerated at the California Substance Abuse Treatment Facility (CSATF) in Corcoran, California. Christine Jones resides in Petaluma, California. The complaint was screened on September 16, 2008, and an order was issued severing Plaintiffs' claims. (Doc. 11.) Plaintiffs filed a first amended complaint on October 17, 2008. (Doc. 13.) On October 20, 2008, Plaintiffs filed an objection to the severance. (Doc. 14.) On November 7, 2008, the Court issued an order addressing the objection and finding the severance was appropriate as the consolidation "would almost certainly present procedural problems causing delay and confusion." (Doc. 18, p. 3:15-17.)

The Court reconsidered the severance and ordered consolidation of the actions on September

2, 2009. (Doc. 20.) On November 17, 2009, the original complaint was screened and the Court found that the signatures on the complaint were penned by the same hand. An order was issued directing Plaintiffs to file a second amended complaint containing an original signature of both Plaintiffs. (Doc. 23.) On December 10, 2009, Plaintiff Mark Jones filed a second amended complaint, containing only his name in the caption, with only his signature. (Doc. 24.) On December 22, 2009, Christine Jones filed an objection to the requirement that both signatures appear on the complaint. (Doc. 25.) On November 9, 2010, the second amended complaint was dismissed for failure to comply with a court order because it did not contain signatures of both Plaintiffs. (Doc. 28.) On December 15, 2010, Plaintiff Christine Jones filed a motion to strike the second amended complaint and an objection to the dismissal of the second amended complaint alleging it was fraudulent as it did not contain her signature. (Docs. 32, 32, 34.) On December 15, 2010, a third amended complaint was filed. On December 22, 2010, the Court issued an order striking the third amended complaint because it did not contain signatures of both Plaintiffs. (Doc. 36.). Currently before the Court is the fourth amended complaint, filed January 19, 2011. (Doc. 37.)

Although the fourth amended complaint contains signatures of both Plaintiffs, the allegations only pertain to the claims of Plaintiff Christine Jones. The procedural history of this action shows that the consolidation of this case has resulted in "procedural problems causing delay and confusion" as previously cited by the Court as the reason not to consolidate. Therefore, although it is noted the actions of the Court have contributed to the confusion by reconsolidating the case, the Court will order that the case be severed. The Court does not undertake this reversal of course lightly, but the litigants behavior renders it impossible for them to proceed together in one action. In order to assist the litigants in filing the amended complaint the Court will set forth the legal standards that appear to apply to the allegations set forth in the fourth amended complaint. Plaintiff Mark Jones is referred to the order issued on November 9, 2010, for the legal standards that apply to his claims.

## II.   Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiffs must demonstrate that each defendant personally participated in the deprivation of their rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

### III.     **Complaint Allegations**

On September 14, 2007, Plaintiff Christine Jones arrived at CSATF to visit with Mark Jones. She was approached by two Correctional Officers and a Corcoran Police Officer. Defendant Couch told her to come with him. Plaintiff was taken into a room and questioned. Defendant Couch took her personal belongings so a trace test for drugs could be done on them. Defendant Couch informed her that they were waiting for a search warrant so a strip search could be conducted and asked if she would sign a consent form so they could search her. Plaintiff agreed, but was never given a form to sign. Plaintiff was taken into a small room. Defendant Couch told her not to discard any contraband and that the prison system operated under different rules than normal law enforcement and prison

officials would use force if she did not cooperate. (Doc. 37, p. 2.) The Corcoran Police Officer and an unknown correctional officer guarded Plaintiff Jones while Defendant Couch was gone from the room. (Id., pp. 2-3.)

Defendant Couch returned to the room and began to question Plaintiff again. Plaintiff stated that she wanted an attorney before she answered any questions and the unknown correctional officer left the room. Defendant Couch returned Plaintiff's property and she was told that she would not be allowed to visit with Mark Jones. Defendant Couch allegedly also told Plaintiff to tell her husband not to file a grievance or he would be in more trouble. Defendant Couch informed Plaintiff that she would receive a visit termination notice in three to five days explaining how she could appeal the decision to terminate her visit. (Id., p. 3.)

Plaintiff did not receive the visit termination notice despite contacting the warden's office several times. On October 14, 2007, Plaintiff visited with Mark Jones, and at the conclusion of the visit asked for a copy of the visitation termination form which "seemed to amuse the personnel in visiting so . . . [Plaintiff] stated to personnel that we will let the courts decide." (Id., p. 4.) Plaintiff alleges that there was a failure to train officers in proper procedures under Title 15 of the California Code of Regulations and not to falsely imprison visitors.

The complaint states that, since the visit was terminated, Plaintiff Mark Jones was due the same degree of due care. Plaintiffs bring this suit against Defendants Couch, Warden Clark, and James E. Tilton alleging illegal search and seizure under the Fourth Amendment, deliberate indifference in violation of the Eighth Amendment, violations of due process and equal protection under the Fourteenth Amendment, false imprisonment under the Thirteenth Amendment, negligence, and violations of Title 15 of the California Code of Regulations. Plaintiffs are seeking compensatory and punitive damages.

**IV.    Legal Standards**

    **A.    Fourth Amendment**

A person entering a penal institution would have a lesser expectation of privacy under the Fourth Amendment. Spear v. Sowders, 71 F.3d 626, 629-30. (6th Cir. 1995) ("visitors can be subjected to some searches, . . . merely as a condition of visitation, absent any suspicion"). Searches

conducted as a condition of entering a sensitive public facility can be exempted from the warrant requirement. McMorris v. Alioto, 567 F.2d 897, 898-99 (9th Cir. 1978). The need for security at a prison is sufficiently substantial to justify some type of screening process for visitors as reasonable under the Fourth Amendment. 5 Wayne R. LaFave, Search and Seizure § 10.7(b) (4th ed. 2004). See also Wolfish v. Bell, 441 U.S. 520, 559 (1979) (upholding visual body cavity search of prisoners after contact visits with persons outside the prison).

### B. Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The cruel and unusual punishment clause of the Eighth Amendment applies to those who are convicted of crime and does not apply to the claims of Plaintiff Christine Jones. Whitley v. Albers, 475 U.S. 312, 318 (1986).

### C. Due Process

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480 (1995). However, a state may "create liberty interests which are protected by the Due Process Clause." Sandin, 515 U.S. at 483-84. A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484).

#### 1. Visitation

It is well established that prisoners do not have an absolute right to receive visits from family members while they are incarcerated. Dunn v. Castro, 621 F.3d 1196, 1201 (9th Cir. 2010); see also Overton v. Bazzetta, 123 S. Ct. 2162 (2003) (upholding two year ban on visitation); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (affirming dismissal of prisoner's claim challenging regulation that denied him visits from persons other than his immediate family). A denial of access to a

particular visitor is well within the terms of confinement contemplated by a prison sentence. Dunn, 621 F.3d at 1201.

### D. Equal Protection

The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Lee, 250 F.3d at 686; Barren v. Harrington, 152 F.3d 1193, 1194 (1998), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

### E. Thirteenth Amendment

The Thirteenth Amendment provides that "[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States . . . ." U.S. Const. amend. XIII, § 1. The Thirteenth Amendment does not apply to Plaintiff's claims.

### F. Prison Regulations

There is no independent cause of action for a violation of Title 15 regulations. "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997), quoting Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996). Nor is there any liability under § 1983 for violating prison policy. Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997)).

### G. Failure to Train

"A municipality's failure to train an employee who has caused a constitutional violation can be the basis for § 1983 liability where the failure to train amounts to deliberate indifference to the rights of persons with whom the employee comes into contact." Long v. County of Los Angeles, 442

F.3d 1178, 1186 (9th Cir. 2006); see City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989). "The issue is whether the training program is adequate and, if it is not, whether such inadequate training can justifiably be said to represent municipal policy." Long, 442 F.3d at 1186, see Canton, 489 U.S. at 390. The failure to train must be the moving force behind the constitutional violation. Canton, 489 U.S. at 391.

### H.  Defendant Liability

Government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*. Iqbal, 129 S. Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### I.  State Law Claims

Plaintiff also alleges a claim for false imprisonment and negligence under California law. The California Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2010). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 90 P.3d 116, 119 (Cal. 2004); Shirk v. Vista Unified School District, 42 Cal.4th 201, 209 (2007). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. Cal. Gov't Code § 950.6; Bodde, 90 P.3d at 123. "[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a compliant to general demurrer for failure to state a cause of action." Bodde, 90 P.3d at 120. To state a claim Plaintiff will need to allege facts sufficient to show she has complied with the requirements of the California Tort Claim Act.

#### 1.  Negligence

A public employee is liable for injury "proximately caused by his negligent or wrongful act

7

or omission." Cal. Gov't Code § 844.6(d) (West 2009).  Under California law "[t]he elements of a negligence cause of action are: (1) a legal duty to use due care; (2) a breach of that duty; (3) the breach was the proximate or legal cause of the resulting injury; and (4) actual loss or damage resulting from the breach of the duty of care." Brown v. Ransweiler, 171 Cal.App.4th 516, 534 (Ct. App. 2009).

### 2. False Imprisonment

Under California law, false imprisonment is the "unlawful violation of the personal liberty of another." Martinez v. City of Los Angeles, 141 F.3d 1373, 1379 (9th Cir. 1998) (quoting Asgari v. City of Los Angeles, 15 Cal.4th 744, 757 (1997)). "[T]he elements of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." Blaxland v. Commonwealth Dir. of Pub. Prosecutions, 323 F.3d 1198, 1205 (9th Cir. 2003) (quoting Easton v. Sutter Coast Hosp., 80 Cal.App.4th 484, 496 (2000) (citation omitted); Lyons v. Fire Ins. Exchange, 161 Cal.App.4th 880, 888 (2008) (citations omitted).

## J. Amended Complaint

The Court advises Plaintiffs of the following requirements under the Federal Rules of Civil Procedure regarding the general formatting of the complaint.  Plaintiffs' complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief."  Federal Rule of Civil Procedure 8(a)(2). "Each allegation must be simple, concise, and direct." Federal Rule of Civil Procedure 8(d)(1).  A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Federal Rule of Civil Procedure 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count."  Federal Rule of Civil Procedure 10(b).

The Court notes that the fourth amended complaint contains seven pages of legal argument and case citations.  In the amended complaint, Plaintiff shall state as briefly as possible the facts of the case, describing how each defendant is involved, and Plaintiff shall not give any legal arguments or cite to any cases or statutes. (See Form Complaint, § IV, enclosed with this order.)  Plaintiff shall separate his or her claims, so that it is clear what the claims are and who the defendants involved are.

Further, for each claim, Plaintiff shall clearly and succinctly set forth the facts to state the acts or failure to act by each Defendant that led to a knowing violation of Plaintiff's federal rights.

## V.     **Conclusion and Order**

For the reasons stated, Plaintiffs' complaint will be dismissed. Plaintiffs are granted the opportunity to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiffs may not change the nature of their suit by adding new, unrelated claims in their amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiffs' amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiffs' constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff Mark Jones shall proceed as the sole plaintiff in case number 1:08-cv-00069-LJO-GBC (PC);
2. Plaintiff Christine Jones shall proceed as the sole Plaintiff in case number 1:08-cv-01383-LJO-SMS (PC);
3. The claims of Plaintiff Mark Jones are severed from the claims of Plaintiff Christine Jones;

9

4    The Clerk of the Court is directed to:

    a.    Reopen case 1:08-cv-01383-LJO-SMS (PC);

    b.    Reassign case 1:08-cv-01383-LJO-SMS to the magistrate judge to whom the instant case is assigned;

    c.    File and docket a copy of this order in case 1:08-cv-01383-LJO-SMS;

    d.    Send Plaintiffs Mark Jones and Christine Jones each a § 1983 form complaint;

5.    Plaintiffs' fourth amended complaint, filed January 19, 2011, is dismissed;

6.    Within **thirty (30) days** from the date of service of this order, Plaintiffs Mark Jones and Christine Jones shall each file an amended complaint bearing his or her own case number;

7.    The amended complaint in Plaintiff Mark Jones case should be clearly and boldly titled "FIFTH AMENDED COMPLAINT" and shall not contain any legal argument or case citations;

8.    The amended complaint in Plaintiff Christine Jones case should be clearly and boldly titled "SECOND AMENDED COMPLAINT" and shall not contain any legal argument or case citations; and

9.    If Plaintiffs fail to file an amended complaint in compliance with this order, their individual action will be dismissed, with prejudice, for failure to comply with a court order.

IT IS SO ORDERED.

Dated:    January 28, 2011

UNITED STATES MAGISTRATE JUDGE