# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MARK ANTHONY JONES,

               Plaintiffs,

    v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

              Defendants.

_____/

CASE NO. 1:08-cv-00069-LJO-GBC PC

FINDINGS AND RECOMMENDATIONS
RECOMMENDING DISMISSING CERTAIN
DEFENDANTS AND CLAIMS

(ECF No. 39)

THIRTY-DAY DEADLINE

## I.    Procedural History

Plaintiff Mark Anthony Jones ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was filed on January 14, 2008, by Mark Anthony Jones and his wife, Christine Jones.  The complaint was screened on September 16, 2008, and an order was issued severing Plaintiffs' claims.  (ECF No. 11.)  Plaintiff filed a first amended complaint on October 17, 2008. (ECF No. 13.)  On October 20, 2008, Plaintiffs filed an objection to the severance. (ECF No. 14.)  On November 7, 2008, the Court issued an order addressing the objection and finding the severance was appropriate as the consolidation "would almost certainly present procedural problems causing delay and confusion." (ECF No. 18, at 3:15-17.)

The Court reconsidered the severance and ordered consolidation of the actions on September 2, 2009. (ECF No. 20.)  On November 17, 2009, the original complaint was screened and the Court found that the signatures on the complaint were penned by the same hand.  An order was issued

1

directing Plaintiffs to file a second amended complaint containing an original signature of both Plaintiffs. (ECF No. 23.)  On December 10, 2009, Plaintiff Mark Jones filed a second amended complaint, containing only his name in the caption, with only his signature. (ECF No. 24.)  On December 22, 2009, Christine Jones filed an objection to the requirement that both signatures appear on the complaint. (ECF No. 25.)  On November 9, 2010, the second amended complaint was dismissed for failure to comply with a court order because it did not contain signatures of both Plaintiffs. (ECF No. 28.)  On December 15, 2010, Plaintiff Christine Jones filed a motion to strike the second amended complaint and an objection to the dismissal of the second amended complaint alleging it was fraudulent as it did not contain her signature. (ECF Nos. 32, 32, 34.)  On December 22, 2010, the Court issued an order striking the third amended complaint because it did not contain signatures of both Plaintiffs. (ECF No. 36.).  A fourth amended complaint was filed January 19, 2011. (ECF No. 37.)  The Court screened the fourth amended complaint and issued an order dismissing the complaint, with leave to amend, and severing the action because the history of the action showed that it would be impossible for the litigants to proceed together in one action. (ECF No. 38.)  Currently pending before the Court is the fifth amended complaint, filed February 25, 2011. (ECF No. 39.)

**II.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555

1   (2007)).

2         Under section 1983, Plaintiff must demonstrate that each defendant personally participated

3   in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires

4   the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct.

5   at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that]

6   pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line

7   between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting

8   Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations

9   contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129

10   S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere

11   conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

12   **III.   Complaint Allegations**

13         Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and

14   is incarcerated at the Substance Abuse Treatment Facility ("SATF") in Corcoran. Plaintiff brings

15   this action naming Defendants California Department of Corrections, Kathleen Allison, Kenneth

16   Clark, Couch, and two unknown I. S. U. Officers ("Does"). He is seeking nominal, compensatory,

17   and punitive damages.

18         On August 20, 2007, Correctional Officer ("CO") C. Cribbs approached Plaintiff, who was

19   on the phone, and told him that his fifteen minutes were up. Plaintiff told CO Cribbs that his time

20   was not up. CO Cribbs again told Plaintiff that his time was up. Plaintiff turned his back on the CO

21   and continued talking on the phone. CO Cribbs disconnected the phone call. CO Cribbs told

22   Plaintiff to return to his cell immediately. Plaintiff responded, "You are a punk ass bitch." CO

23   Cribbs again told Plaintiff to return to his cell. Plaintiff responded, "Your mom is a bitch and you

24   are a bitch." Once again, CO Cribbs told Plaintiff to return to his cell. As Plaintiff started to walk

25   to his cell, he turned to CO Cribbs and said, "You are a stupid mother fucker." CO Cribbs told

26   Plaintiff to stop delaying the program and return to his cell.[1] (Second Amend. Compl. 20, ECF No.

27   ———————————

28       [1]Plaintiff fails to allege facts as to the sequence of events that occurred. Therefore the Court will refer to his prior pleadings to have a statement of facts that are relevant to his claims in this action.

1    24.)  Plaintiff was charged with a rule violation for willfully delaying a peace officer.  (Id. at 22.)

2           On September 14, 2007, Plaintiff's wife came to visit him at SATF.  Defendants Couch and

3    Does detained her, searched her for drugs, and denied her visitation with Plaintiff, allegedly acting

4    on their own without a valid safety or security purpose.  (Fifth Amend. Compl. 9:1-6, 9:26-10:1,

5    ECF No. 39.)  Plaintiff states that his wife was harassed to retaliate against him for filing grievances

6    and injunction requests during his incarceration.  (Id. at 4:21-5:4.)  Plaintiff's wife was told by

7    Defendant Couch that Plaintiff would be sent back to the Security Housing Unit if she told Plaintiff

8    and he filed an inmate grievance.  (Id. at 9:12-16.)  Plaintiff did not receive notification that the visit

9    was denied.  (Id. at 10-14.)  Defendant Clark is responsible for maintaining the safety and security

10   of the inmates and employees at the institution and instituting the rules and regulations regarding

11   visitation.  (Id. at 8:1-7; 9:8-10.)

12          On September 24, 2007, Plaintiff was found guilty of the rule violation which was reduced

13   to disrespecting staff and he lost his Friday visitation for ninety days.  (Id. at 5:20-26.)  Plaintiff's

14   wife visited him on October 14, 2007.  (Fourth Amend. Compl. 4:6-10, ECF No. 37.)

15          Plaintiff includes a section in this complaint which he titles, "Plaintiff['s] answer to the

16   Exhaustion Question (A) of Administrative Remedy [sic] is a two part answer to the question yes

17   or no."  (ECF No. 39 at 4:1-2.)  In this section he references many different rights that he alleges

18   were violated while omitting all discussion of these rights and events in his statement of claim.

19   Since it is unclear to the Court which allegations he is attempting to raise in this action all these

20   rights will be addressed.

21   **IV.    Discussion**

22          **A.    Standing**

23          Initially, to the extent that Plaintiff is alleging violations of the Fourth Amendment those

24   claims are specific to his wife and he does not have standing to raise those claims in this action.  The

25   rights protected by the Fourth Amendment are personal rights and only the person subject to the

26   violation has standing to bring suit.  See Whitmore v. Arkansas, 495 U.S. 149, 160 (1990).  "The

27   general rule is that only the person whose [personal] rights were violated can sue to vindicate those

28   rights."  Moreland v. Las Vegas Metro. Police Dept., 159 F.3d 365, 369 (9th Cir. 1998).

1

**B.    Visitation**

2      Plaintiff was denied visitation with his wife on September 14, 2007, although she was

3 allowed to visit him on October 14, 2007.  It is well established that prisoners do not have an

4 absolute right to receive visits from family members while they are incarcerated.  Dunn v. Castro,

5 621 F.3d 1196, 1201 (9th Cir. 2010); see also Overton v. Bazzetta, 123 S. Ct. 2162 (2003)

6 (upholding two year ban on visitation); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996)

7 (affirming dismissal of prisoner's claim challenging regulation that denied him visits from persons

8 other than his immediate family); Block v. Rutherford, 468 U.S. 576, 588 (1984) (denial of all

9 contact visits for a pretrial detainee for a period of over thirty days does not violate the Fourteenth

10 Amendment).  A denial of access to a particular visitor is well within the terms of confinement

11 contemplated by a prison sentence.  Dunn, 621 F.3d at 1201.  Plaintiff's allegation that he was

12 denied visitation with his wife on a single occasion fails to state a cognizable claim.

13

**C.    Due Process**

14      Plaintiff claims that his due process rights were violated by Defendants failing to notify him

15 that they terminated the visitation.  Section 1983 provides a cause of action where a state actor's

16 "conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution

17 or laws of the United States." Leer v. Murphy, 844 F.2d 628, 632 (9th Cir. 1987) (quoting Parratt

18 v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327,

19 328 (1986)).  There is no independent cause of action for a violation of Title 15 regulations.  See

20 Davis v. Kissinger, No. CIV S-04-0878 GEB DAD P, 2009 WL 256574, *12 n.4 (E.D.Cal. Feb. 3,

21 2009)  "To the extent that the violation of a state law amounts to the deprivation of a state-created

22 interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no

23 redress." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997), quoting Lovell v.

24 Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996).  Nor is there any liability under § 1983

25 for violating prison policy.  Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting

26 Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997)).

27      The Due Process Clause protects against the deprivation of liberty without due process of

28 law.  Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  In order to state a cause of action for a

1  deprivation of due process, a plaintiff must first identify a liberty interest for which the protection

2  is sought. Id. The Due Process Clause does not confer a liberty interest in freedom from state action

3  taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480 (1995). However,

4  a state may "create liberty interests which are protected by the Due Process Clause." Sandin, 515

5  U.S. at 483-84. A prisoner has a liberty interest protected by the Due Process Clause only where the

6  restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents

7  of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at

8  484).

9       An inmate does not have a liberty interest under the Fourteenth Amendment to unrestricted

10  visitation. Dunn v. Castro, 621 F.3d at 1201; Keenan, 83 F.3d at 1092; Block, 468 U.S. at 588.

11  Therefore any due process right must be a state created interest by "imposing atypical and significant

12  hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

13  California State Regulations provide that prison officials may restrict an inmates's visitation. Cal.

14  Code Regs., tit. 15 §§ 3170-3179. Given the highly regulated and restricted nature of prison visits

15  neither the loss of a single visitation nor the failure to receive notice would be considered "atypical"

16  and "significant." Plaintiff does not identify a liberty interest and therefore has failed to state a

17  cognizable claim.

18       **D.    Equal Protection**

19       Plaintiff also alleges the denial of his due process rights to be notified that his wife was

20  denied visitation violated equal protection. The Equal Protection Clause requires that all persons

21  who are similarly situated should be treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686

22  (2001); City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). An equal protection

23  claim may be established by showing that the defendant intentionally discriminated against the

24  plaintiff based on the plaintiff's membership in a protected class, Lee, 250 F.3d at 686; Barren v.

25  Harrington, 152 F.3d 1193, 1194 (1998), or that similarly situated individuals were intentionally

26  treated differently without a rational relationship to a legitimate state purpose, Thornton v. City of

27  St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

28  Plaintiff states that he was denied the right to visit his wife, "just as all prisoners of his Class,"

1  however he fails to identify the class or any other similarly situated inmates that were treated

2  differently.

3      **E.      Retaliation**

4      A plaintiff may state a claim for a violation of his First Amendment rights due to retaliation

5  under section 1983.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).  A viable claim of

6  retaliation in violation of the First Amendment consists of five elements: "(1) An assertion that a

7  state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected

8  conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and

9  (5) the action did not reasonable advance a legitimate correctional goal." Rhodes v. Robinson, 408

10  F.3d 559, 567 (9th Cir. 2005); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

11      To the extent that Plaintiff is attempting to allege the search of his wife was retaliatory he fails

12  to state a cognizable claim.  Although Plaintiff alleges that the search was without any valid safety

13  or security purpose, a person entering a penal institution has a lesser expectation of privacy under the

14  Fourth Amendment.  Spear v. Sowders, 71 F.3d 626, 629-30. (6th Cir. 1995) ("visitors can be

15  subjected to some searches, . . . merely as a condition of visitation, absent any suspicion").  The need

16  for security at a prison is sufficiently substantial to justify some type of screening process for visitors

17  as reasonable under the Fourth Amendment.  5 Wayne R. LaFave, Search and Seizure § 10.7(b) (4th

18  ed. 2004).  See also Bell v. Wolfish, 441 U.S. 529, 559 (1979) (upholding visual body cavity search

19  of prisoners after contact visits with persons outside the prison).  Therefore, Plaintiff's mere statement

20  that there was no valid safety or security purpose fails to state a plausible claim that searching his wife

21  and her belongings to ensure she was not bringing drugs into the facility did not advance a legitimate

22  correctional goal.  Iqbal, 129 S. Ct. at 1949-50.

23      Plaintiff alleges he has been retaliated against for engaging in protected conduct by filing

24  institutional grievances and injunctions during his incarceration at SATF and his previous place of

25  incarceration.  Plaintiff's allegation that his wife was told by Defendant Couch that if he filed an

26  inmate appeal he would be placed in the segregated housing unit is sufficient to state a cognizable

27  claim for retaliation.  Brodheim, 584 F.3d at 1270-71.

28

### F.   <u>Official Capacity</u>

Plaintiff brings this suit against the California Department of Corrections and Rehabilitation and Defendant Clark alleging he is responsible for implementing and maintaining the prison policy on visitation. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." <u>Aholelei v. Dept. of Public Safety</u>, 488 F.3d 1144, 1147 (9th Cir. 2007). Therefore Plaintiff may not bring a claim against the California Department of Corrections and Rehabilitation or Defendant Clark in his official capacity.

Government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*. <u>Iqbal</u>, 129 S. Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. <u>Id.</u> at 1948. In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Plaintiff has failed to link Defendant Clark to any act or failure to act that violated his federal rights.

### G.   <u>Failure to Process Grievance</u>

Plaintiff alleges that prison officials failed to accept his inmate appeal. Inmates have a fundamental constitutional right of access to the courts. <u>Lewis v. Casey</u>, 518 U.S. 343, 346 (1996); <u>Hebbe v. Pliler</u>, 611 F.3d 1202, 1206 (9th Cir. 2010). The right is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. <u>Lewis</u>, 518 U.S. at 354. To bring a claim, the plaintiff must have suffered an actual injury by being shut out of court. <u>Christopher v. Harbury</u>, 536 U.S. 403, 415 (2002); <u>Lewis</u>, 518 U.S. at 351.

Plaintiff may not pursue a claim for denial of access to the courts based on the failure of staff to respond to his appeals or based on the rejection of his appeals by staff. Plaintiff does not have a constitutionally protected right to have his appeals accepted or processed, <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988), and because Plaintiff has not alleged any facts demonstrating that he suffered an actual injury to qualifying litigation, his claim fails as a matter of law, <u>Christopher</u>, 536 U.S. at 415; <u>Lewis</u>, 518 U.S. at 351.

1

**V.      Conclusion and Recommendation**

2       Plaintiff's fifth amended complaint sets forth a cognizable claim against Defendant Couch for

3    retaliation in violation of the First Amendment, but does not state any other claims for relief under

4    section 1983.  Because Plaintiff has previously been notified of the deficiencies and given leave to

5    amend, the Court recommends that the non-cognizable claims be dismissed, with prejudice.  Noll,

6    809 F.2d at 1448-49.  Based on the foregoing, it is HEREBY RECOMMENDED that:

7              1.      This action proceed on Plaintiff's fifth amended complaint, filed February 25, 2011,

8                      against Defendant Couch for retaliation in violation of the First Amendment;

9              2.      All remaining claims be dismissed, with prejudice, for failure to state a claim under

10                      section 1983; and

11             3.      Defendants California Department of Corrections, Kathleen Allison, Kenneth Clark,

12                      and two Does be dismissed, with prejudice, based upon Plaintiff's failure to state a

13                      cognizable claim against them.

14       These findings and recommendations will be submitted to the United States District Judge

15    assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days

16    after being served with these findings and recommendations, Plaintiff may file written objections with

17    the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

18    Recommendations."  Plaintiff is advised that failure to file objections within the specified time may

19    waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

20       IT IS SO ORDERED.

21

Dated:      March 11, 2011

22                                                                   UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28