# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:08-cv-00069-LJO-GBC (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL<br><br>Docs. 61, 66 |

**I. Procedural History**

On January 14, 2008, Plaintiff Mark Jones ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action jointly with his wife, Christine Jones, pursuant to 42 U.S.C. § 1983. Doc. 1. On January 31, 2011, the Court severed the case and ordered Plaintiff's wife, Christine Jones, to file a separate action. Doc. 38.[1] On May 13, 2011, the Court adopted findings and recommendations and ordered the case to proceed on a cognizable First Amendment retaliation claim against Defendant Couch. Doc. 44. On September 13, 2011, the Court issued a discovery and scheduling order, setting a discovery deadline of May 13, 2012. Doc. 50. On April 11, 2012, Plaintiff filed a "Motion for Discovery Plaintiff's Interrogatories." Doc. 61. On April 25, 2012, Defendant filed an opposition to Plaintiff's motions to compel. Doc. 66. On May 10, 2012, Defendant filed a motion for extension of time to take the deposition of Christine Jones. Doc. 64.

---

[1] On April 22, 2011, the Court dismissed the separate action filed by Plaintiff's wife, for failure to state a claim. *Jones v. California Department of Corrections*, No. 1:08-cv-01383-LJO-GBC, *aff'd*, No. 11-16245 (9th Cir. May 25, 2012).

On May 11, 2012, the Court granted Defendant's motion for extension of time to take the deposition of Christine Jones. Doc. 65. On May 24, 2012, Plaintiff filed a motion to compel discovery and request to add interrogatory. Doc. 66. On June 8, 2012, Defendant filed an opposition to Plaintiff's motion to compel and withdrew his request for extension of time to depose Christine Jones. Doc. 67.

## II. Analysis

In the discovery and scheduling order, the Court ordered the parties to serve all discovery requests at least forty-five days before the discovery deadline. Doc. 50. Additionally, the Court ordered that the parties complete all discovery, including the filing of motions to compel, by the discovery deadline of May 13, 2012. *Id.*

In this case, the Court extended the deadline to take the deposition of Christine Jones, and since that time, Defendant has withdrawn his request for extension of time. Docs. 65, 67. The discovery deadline remained May 13, 2012, and Plaintiff did not move to extend the discovery deadline.

Despite his pro se status, Plaintiff is not entitled to any latitude for the untimeliness. *See Fingerhut Corp. v. Ackra Direct Mktg. Corp.*, 86 F.3d 852, 856–57 (8th Cir. 1996) (stating that pro se representation does not excuse a litigant from complying with court orders); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (explaining that although courts should liberally construe pro se plaintiffs' legal arguments and strictly construe their compliance with procedural requirements); *see also Carter v. Comm'r*, 784 F.2d 1006, 1008–09 (9th Cir.1986) (noting that pro se plaintiffs must follow the rules of the court). Therefore, Plaintiff's discovery requests and his second motion to compel are untimely. Fed. R. Civ. P. 16(b).

In Plaintiff's first motion for discovery, Plaintiff does not state that he made the requests prior to filing a motion to compel. Mot. Compel at 1, 4, Doc. 61. Under Rule 37 of the Federal Rules of Civil Procedure, the court may order a party to provide further responses to "an evasive or incomplete disclosure, answer, or response." *See* Fed. R. Civ. P. 37(a)(3). Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. *E.g., Grabek v. Dickinson*, 2012 WL 113799, at

1  *1 (E.D. Cal. Jan. 13, 2012); *Womack v. Virga*, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011);
2  *Mitchell v. Felker*, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); *Ellis v. Cambra*, 2008 WL
3  860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which
4  discovery requests are the subject of the motion to compel, and, for each disputed response, why the
5  information sought is relevant and why the responding party's objections are not meritorious.
6  *Grabek*, 2012 WL 113799, at *1; *Womack*, 2011 WL 6703958, at *3; *Mitchell*, 2010 WL 3835765,
7  at *2; *Ellis*, 2008 WL 860523, at *4.

8      In response to Plaintiff's first motion to compel, Defendant stated that Plaintiff served the
9  discovery to Defendant simultaneously with filing the motion to compel. *See* Def. Opp'n at 1-2, Doc.
10  63. Thus, Plaintiff did not follow the proper procedure to file a motion to compel.

### III. Conclusion

12      The Court finds that Plaintiff did not demonstrate that he submitted a request for discovery
13  from Defendant prior to filing his first motion to compel, and Plaintiff's discovery requests and
14  second motion to compel are untimely.

15      Accordingly, it is HEREBY ORDERED that Plaintiff's motions to compel, filed April 11,
16  2012, and May 24, 2012, are DENIED.

17      IT IS SO ORDERED.

Dated:   June 14, 2012

UNITED STATES MAGISTRATE JUDGE