# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK JONES, | CASE NO. 1:08-cv-00069-LJO-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | Doc. 56 |
| / | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations**

**I. Procedural History and Background**

On January 14, 2008, Plaintiff Mark Jones ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action jointly with his wife, Christine Jones, pursuant to 42 U.S.C. § 1983. Doc. 1. On January 31, 2011, the Court severed the case and ordered Plaintiff's wife, Christine Jones, to file a separate action. Doc. 38.[1] In Plaintiff's fifth amended complaint, Plaintiff states that Defendant Couch searched and detained his wife and threatened her that Plaintiff would be sent back to the Security Housing Unit if she told Plaintiff about the harassment and he filed an inmate grievance. Pl. 5th Am. Compl. at 9, Doc. 39. On May 13, 2011, the Court adopted findings and recommendations and ordered the case to proceed on a cognizable First Amendment

---

[1] On April 22, 2011, the Court dismissed the separate action filed by Plaintiff's wife, for failure to state a claim. *Jones v. California Department of Corrections*, No. 1:08-cv-01383-LJO-GBC, *aff'd*, No. 11-16245 (9th Cir. May 25, 2012).

retaliation claim against Defendant Couch. Doc. 44. On June 6, 2011, the Court issued a second informational order, advising Plaintiff that Defendant may file an unenumerated 12(b) motion to dismiss for failure to exhaust administrative remedies and how Plaintiff must oppose the motion in order to avoid dismissal, pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th. Cir. 2003) (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). Doc. 47. On December 16, 2011, Defendant filed a motion to dismiss for failure to exhaust administrative remedies. Doc. 56. On January 10, 2012, Plaintiff filed an opposition to Defendant's motion to dismiss. Doc. 58. On January 18, 2012, Defendant filed a reply to Plaintiff's opposition. Doc. 59.

**II. Motion to Dismiss for Failure to Exhaust Administrative Remedies**

**A. Legal Standard**

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is therefore mandatory, and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). The PLRA's exhaustion requirement requires "proper exhaustion" of administrative remedies. *Ngo*, 548 U.S. at 93. This means "[p]risoners must now exhaust all 'available' remedies," *id.* at 85, in "compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90–91. The requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* Further, the remedies "available" need not meet federal standards, nor need they be "plain, speedy and effective." *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth*, 532 U.S. at 739-40 & n.5.

It is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). The California Department of Corrections and Rehabilitation ("CDCR") provides inmates the right to file administrative appeals alleging misconduct by correctional officers or "any departmental decision, action, condition, or policy which

they can demonstrate as having an adverse effect upon their welfare." *See* Cal. Code Regs. tit. 15, §§ 3084.1(a) & (e). In order to exhaust all available administrative remedies within this system, a prisoner must submit his complaint as an inmate appeal on a 602 form, within fifteen[2] working days from the date the administrative decision or action being complained of, and proceed through several levels of appeal: (1) informal level grievance filed directly with any correctional staff member; (2) first formal level appeal filed with one of the institution's appeal coordinators; (3) second formal level appeal filed with the institution head or designee; and (4) third formal level appeal filed with the CDCR director or designee. *Id.* at §§ 3084.5 & 3084.6(c); *Brodheim v. Cry*, 584 F.3d 1262, 1264–65 (9th Cir. 2009); *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). *See Ngo v. Woodford*, 539 F.3d 1108, 1110 (9th Cir. 2008) (*Ngo II*) (finding claims unexhausted where filed more than fifteen working days after deadline).

Non-exhaustion under § 1997e(a) is an affirmative defense, which should be brought by the defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b). *Jones*, 549 U.S. at 216; *Wyatt*, 315 F.3d at 1119. In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Wyatt*, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

**B. Analysis**

Plaintiff did not take sufficient steps to pursue an inmate appeal for his claim of retaliation by Defendant Couch, in accordance with requirements for exhaustion. *See* Pl. Opp'n. at 4-6, Doc. 58; *see* Pl. 5th Am. Compl. at 2, Doc. 39; *see also* Def. Mot. Dismiss, Foston Decl. at 2 & Hall Decl. at 3, Doc. 56.

In Plaintiff's objections, he states that he did not know his wife was detained until five or six days after the occurrence. *See* Pl. Obj. at 14-19, Doc. 58. The Court notes that finding out five or six days after the incident would not preclude Plaintiff from submitting an inmate appeal within fifteen working days. Cal. Code Regs. tit. 15, § 3084.6(c).

---

[2] As of July 2011, inmates have thirty calendar days to file appeals. § 3084.8(b).

1       Plaintiff attached a decision at the second and third level regarding a rules violation report
2  for delaying a peace officer, allegations of racism against Lt. Perez, and a request for reinstatement
3  of visiting privileges. *See* Pl. Obj. at 14-19, Doc. 58. For purposes of the PLRA's exhaustion
4  requirement, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress
5  is sought." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009). Ultimately, a grievance must
6  "provide enough information . . . to allow prison officials to take appropriate responsive measures."
7  *Id.* at 1121. Plaintiff's appeal regarding a rules violation report for delaying a peace officer and
8  allegations of racism against Lt. Perez did not alert the prison officials of the pending claims in this
9  civil action, pursuant to *Griffin* and the PLRA.

10      In Plaintiff's opposition, he states that the visiting staff did not give Plaintiff a reason why
11 his wife was denied visiting rights, thereby making his remedies unavailable. *See* Pl. Opp'n. at 3-4,
12 Doc. 58. In support of his contention, Plaintiff cites *Casanova v. Dubois*, 304 F.3d 75, 77 (1st Cir.
13 2002) for the proposition that no grievance process was available to him when no record of his
14 wife's visit existed. However, *Casanova* is distinguishable because in that case, the Massachusetts
15 prison system expressly treated complaints of civil rights abuses against staff as "not grievable." *Id.*
16 By contrast, California broadly grants inmates the right to appeal any action that the inmates perceive
17 to be adversely affecting their welfare. *See* Cal. Code Regs. tit. 15, § 3084.1(a). Plaintiff fails to
18 demonstrate that no administrative remedies were available to him.

19      Plaintiff also submitted a draft of an inmate appeal without a date stamp regarding his wife
20 being harassed and searched at visitation. *See* Pl. Opp'n. at 12, Doc. 58. In the appeal draft, he
21 alleged no response by the appeals coordinator. *Id.* There is no indication that the prison received
22 or accepted this appeal draft at any level of review. *See id.*

23      The record demonstrates that from September 14, 2007 to February 25, 2011, Plaintiff
24 submitted fourteen inmate appeals that the Institutional Appeals Office accepted for review and
25 seven inmate appeals that the Chief of the Appeals Office accepted for third-level review. Def. Mot.
26 Dismiss, Hall Decl. at 2, Foston Decl. at 2, Doc. 56. Thus, Plaintiff has more than the ability to
27 pursue a grievance in the prison system.
28 //

> [Plaintiff] had a clear avenue to follow . . . to exhaust his remedies . . . [H]e could have filed a grievance . . . Then, he could have pursued that grievance through the full administrative appeals process. Nothing in the record indicates that these apparently straight-forward procedures [thwart] ordinary inmates. To the contrary, plaintiff has proven his own ability to navigate them, as he successfully exhausted one grievance . . . around the same time as he pursued his appeals about the other grievance . . . Because plaintiff's grievances were properly screened, because he had no reasonable good faith belief that administrative remedies were effectively unavailable, and because the prison's administrative grievance regime was not so complex as [thwart] most prisoners, administrative remedies were available within the meaning of the PLRA, and plaintiff was accordingly required to exhaust them.

*See Sapp v. Kimbrell*, 623 F.3d 813, 827 (9th Cir. 2010); *see also Booth*, 532 U.S. at 741 n.6 ("[W]e stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise").

In *Ngo*, the Supreme Court held that "full and proper exhaustion of administrative remedies is necessary, which means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *See Ngo*, 548 U.S. 81, 84, 90, 94. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 91, 103. While the Supreme Court recognized that this may be harsh and will prevent certain prisoner cases from proceeding, the "centerpiece of the PLRA's effort to reduce the quantity . . . of prisoner suits is an 'invigorated' exhaustion provision, § 1997e(a)." *Id.* at 84 & 103. "Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Id.* at 85.

Plaintiff did not take the proper steps to pursue an inmate appeal regarding the allegations in this complaint, i.e, retaliation by Defendant Couch, in accordance with requirements for exhaustion. Thus, Plaintiff failed to exhaust all his mandatory administrative remedies against Defendant prior to initiating this action, which requires mandatory dismissal, in accordance with § 1997e(a) and *Ngo*.

//

//

//

### III. Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss, filed December 16, 2011, is GRANTED;
2. This action is DISMISSED, without prejudice, for Plaintiff's failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a); and
3. The Clerk of the Court is directed to close the case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 12, 2012

UNITED STATES MAGISTRATE JUDGE