1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10  MARK JONES,

11      Plaintiff,

12      v.

13  CALIFORNIA   DEPARTMENT   OF
    CORRECTIONS, et al.,

14

15      Defendants.

16  _____/

CASE NO. 1:08-cv-00069-LJO-GBC (PC)

ORDER PROVIDING PLAINTIFF OPTION TO
(1) STAND ON EXISTING OPPOSITION TO
MOTION TO DISMISS OR (2) FILE
AMENDED OPPOSITION PER AMENDED
SECOND INFORMATIONAL ORDER

Docs. 56, 58

TWENTY-ONE DAY DEADLINE

17                          **I. Procedural History**

18  On January 14, 2008, Plaintiff Mark Jones ("Plaintiff"), a state prisoner proceeding pro se and in

19  forma pauperis, filed this civil rights action jointly with his wife, Christine Jones, pursuant to 42

20  U.S.C. § 1983. Doc. 1. On January 31, 2011, the Court severed the case and ordered Plaintiff's wife,

21  Christine Jones, to file a separate action. Doc. 38.[1] In Plaintiff's fifth amended complaint, Plaintiff

22  states that Defendant Couch searched and detained his wife and threatened her that Plaintiff would

23  be sent back to the Security Housing Unit if she told Plaintiff about the harassment and he filed an

24  inmate grievance. Pl. 5th Am. Compl. at 9, Doc. 39. On May 13, 2011, the Court adopted findings

25  and recommendations and ordered the case to proceed on a cognizable First Amendment retaliation

26

27  _____

28      [1] On April 22, 2011, the Court dismissed the separate action filed by Plaintiff's wife, for failure to state a
    claim. *Jones v. California Department of Corrections*, No. 1:08-cv-01383-LJO-GBC, *aff'd*, No. 11-16245 (9th Cir.
    May 25, 2012).

claim against Defendant Couch. Doc. 44. On June 6, 2011, the Court issued a second informational order, advising Plaintiff that Defendant may file an unenumerated 12(b) motion to dismiss for failure to exhaust administrative remedies and how Plaintiff must oppose the motion in order to avoid dismissal, pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th. Cir. 2003) (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). Doc. 47. On December 16, 2011, Defendant filed a motion to dismiss for failure to exhaust administrative remedies. Doc. 56. On January 10, 2012, Plaintiff filed an opposition to Defendant's motion to dismiss. Doc. 58. On January 18, 2012, Defendant filed a reply to Plaintiff's opposition. Doc. 59. On July 12, 2012, the Court issued Findings and Recommendations, recommending granting the Defendant's motion to dismiss, for failure to exhaust administrative remedies. Doc. 69.

## II. *Woods v. Carey* and Contemporaneous Notice

On July 6, 2012, the Ninth Circuit found that the notice and warning of requirements for opposing a defendant's motion to dismiss should be issued contemporaneously when a defendant files a motion to dismiss, as opposed to a year or more in advance. *Woods v. Carey*, 2012 WL 2626912, at * 4 (9th Cir. Jul. 6, 2012). On June 6, 2011, this Court issued a second informational order, containing the notice and warning of requirements for opposing a defendant's motion to dismiss to Plaintiff. Doc. 47. On December 16, 2011, Defendant filed a motion to dismiss. Doc. 56. In order to address the time delay between providing notice and the filing of Defendant's motion, the Court issued an amended second informational order to Plaintiff, in accordance with *Woods.*

## III. Order Providing Plaintiff Option to (1) Stand on Existing Opposition to Motion to Dismiss or (2) File Amended Opposition Per Amended Second Informational Order

In light of the separately-issued amended second informational order and notice pursuant to *Woods*, the Court will provide Plaintiff with two options upon receipt of the notice and this order. Plaintiff may either (1) <u>stand</u> on his previously-filed opposition or (2) <u>withdraw</u> the existing opposition and <u>file an amended</u> opposition.

//

//

//

Accordingly, it is HEREBY ORDERED that:

1.      Within **twenty-one (21) days** from the date of service of this order, Plaintiff may elect to:

   a.      <u>Stand</u> on his existing opposition already submitted to the Court; or

   b.      <u>Withdraw</u> his opposition and <u>file an amended</u> opposition;

2.      If Plaintiff does not elect to file an amended opposition in response to this order within **twenty-one (21) days**, the Court will consider his existing opposition in resolving Defendant's motion to dismiss;

3.      If Plaintiff elects to file an amended opposition, the Court will not consider Defendant's existing reply; and

4.      Defendant may file an amended reply pursuant to Local Rule 230(l).


IT IS SO ORDERED.

Dated:   July 18, 2012

                                   UNITED STATES MAGISTRATE JUDGE