# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK JONES,<br><br>             Plaintiff,<br><br>     v.<br><br>COUCH,<br><br>             Defendant. | Case No. 1:08cv-00069-LJO-DLB PC<br><br>ORDER AFTER EVIDENTIARY HEARING REINSTATING PRIOR DISMISSAL AND DISMISSING ACTION WITHOUT PREJUDICE |

Plaintiff Mark Jones ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.

On August 12, 2014, the Ninth Circuit remanded this action for the limited purpose of holding an evidentiary hearing to determine: (1) whether a grievance was filed; and (2) if so, whether the grievance alleged retaliation.

The Court held the evidentiary hearing on March 2, 2015. Plaintiff appeared on his own behalf and provided testimony. Deputy Attorneys General Jason Braxton and Monica Anderson of the California State Attorney General's Office appeared on behalf of Defendant Couch.

After hearing Plaintiff's testimony, the Court will proceed directly to the second question. Assuming (but making no such finding) that Plaintiff filed each of the two grievances at issue, the first grievance, dated September 20, 2007, did not exhaust the retaliation issue. Based on Plaintiff's own testimony, this grievance asked why his wife was denied visitation, why she was searched and

why she was threatened.  These questions did not serve to put the prison on adequate notice of Plaintiff's retaliation claim.  <u>Sapp v. Kimbrell</u>, 623 F.3d 813, 824 (9th Cir. 2010).

As to the second grievance, dated October 15, 2007, Plaintiff testified that the grievance inquired as to the September 20, 2007, grievance.  As such, it did not place the prison on notice of Plaintiff's retaliation claim.  <u>Id</u>.  In addition, although nobody, including the Plaintiff, has a copy of the first grievance, the second grievance everyone has.  It contains no allegation of retaliation.

Accordingly, after consideration of Plaintiff's testimony, the Court finds that the September 6, 2012, order dismissing this action was proper and should be reinstated.  This action is therefore DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to exhaust his administrative remedies.

Judgement enters for the Defendant and against the Plaintiff.  The Clerk of the Court is ORDERED to close the case.

IT IS SO ORDERED.

Dated:   **March 2, 2015**                      /s/ Lawrence J. O'Neill
                                                                             UNITED STATES DISTRICT JUDGE