UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK JONES, | 1:08-cv-069-LJO-MSJ |
| Plaintiff, | ORDER RE EVIDENTIARY HEARING |
| v. | |
| CDC ISU OFFICER COUCH, | |
| Defendant. | |

Plaintiff Mark Jones is a state prisoner at the Substance Abuse Treatment Facility at Corcoran State Prison ("CSP"), proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff's Fifth Amended Complaint ("FAC") alleged, among other things, that Defendant retaliated against him in violation of his First Amendment rights.[1] As to that claim, Plaintiff alleges as follows:

Plaintiff's wife attempted to visit him at CSP on September 14, 2007; however, she was denied a visit after being "detained," "harassed," and "searched for drugs" by Couch. Couch then threatened her not to tell Plaintiff that she was denied and was directed to tell Plaintiff not to file a "602 grievance" concerning the matter or else he would be placed in the security housing unit ("SHU").

---

[1] The Court screened Plaintiff's FAC and found that it only stated a retaliation claim against Couch. *See* Doc. 44. Plaintiff did not challenge that ruling, so the case proceeded (and will continue to proceed) on only Plaintiff's retaliation claim against Couch. The Court therefore need not discuss any other aspects of Plaintiff's FAC.

1

1    Plaintiff is a "known litigator." Prior to this incident, he has initiated and signed onto several

2  institutional grievances and requests for injunctions while incarcerated at CSP and elsewhere. Plaintiff

3  claims his wife was denied visitation rights in retaliation for his involvement in these matters.

4    Plaintiff attempted to file a 602 grievance concerning his wife's denied visit, but he was told

5  there was no record of her attempting to visit him. Nonetheless, Plaintiff filed "several 602 institutional

6  grievances" pertaining to his wife's being detained and denied visiting Plaintiff on September 14, 2007,

7  which "prison officials" deliberately refused to process or answer.

8    Defendants moved to dismiss the case with prejudice exclusively on the ground that Plaintiff had

9  failed to exhaust his administrative remedies. Doc. 56-1. Without holding an evidentiary hearing, the

10 Court dismissed the case for failure to exhaust. *See* Doc. 84 at 2. The Ninth Circuit reversed, finding that

11 "[w]hether [Plaintiff] actually filed a grievance 602, and whether the grievance alleged retaliation are

12 material factual questions that were not readily ascertainable from the parties' declarations." *Id.* The

13 Ninth Circuit remanded for an evidentiary hearing on these issues. *Id.* at 3.

14   The Court held an evidentiary hearing on the matter on March 2, 2015. *See* Doc. 104. Pursuant to

15 the Ninth Circuit's mandate, the hearing was limited to two issues: (1) whether Plaintiff actually filed a

16 602 grievance and (2) if he did, whether it alleged retaliation. Transcript of March 2, 2015 Evidentiary

17 Hearing ("Tr.") at 6:5-10. At the hearing, Plaintiff testified that he filed a 602 grievance on September

18 20, 2007, which asked "why [his] wife was searched and denied visiting," *id.* at 8:18-20; 9:1-7, why she

19 was threatened, and who was responsible for these acts. *Id.* at 12:8-9. Critically, Plaintiff also testified

20 that he alleged in the 602 grievance that prison officials "threatened [his wife] for us [sic] not to file a

21 grievance or they would take [him] back to the SHU." *Id.* at 16:10-12. Plaintiff never received a

22 response to the grievance. *Id.* at 10:21-25. Plaintiff further testified that he filed a second 602 grievance

23 on October 20, 2007. *Id.* at 13:8.

24   Defendant Couch intended to present evidence from Campbell, an appeals coordinator at CSP.

25 *See* Tr. At 27:21-25. The Court and counsel for Couch discussed what Campbell's testimony would

concern, if she were to testify. Counsel explained that Campbell was prepared to "testify as to the [appeals] process, how appeals were handled, the contents of [Plaintiff's] appeals history, and also discuss the specifics of the appeals that were received during the applicable time period that would be relevant for exhaustion." *Id.* at 27:23-28:1. Further, she was prepared to testify that Plaintiff did not file either of the 602 grievances that he allegedly filed. *Id.* at 28:21-29:5. She was not, however, going to present any evidence that indicated Plaintiff made a claim of retaliation in his 602 grievance that he allegedly filed on September 20, 2007. Based on the Court's stated observation that there was no evidence that the 602 contained any evidence of retaliation, counsel for Couch stated that because Campbell "can't testify to that, then I think we can stand on the presentation of [Plaintiff's] evidence." *Id.* at 30:21-24. The Court agreed. *Id.* at 30:25. Accordingly, Couch did not present any witnesses or evidence, and the Court ruled on the basis of Plaintiff's testimony and proffered evidence.

The Court reiterated that there were two issues to resolve at the hearing—whether Plaintiff filed a 602 grievance and, if so, whether it sufficiently alleged a retaliation claim against Couch—and explained that, because the second issue was dispositive, there was no need to make a finding as to whether Plaintiff actually filed the two 602 grievances he allegedly filed. *Id.* at 34:14-15. The Court therefore assumed without deciding that he did so. *See id.* at 34:16-35:3; *see also* Doc. 106 at 1 ("Assuming (but making no such finding) that Plaintiff filed each of the two grievances at issue . . ."). The Court observed that, based on his own testimony, Plaintiff's September 2007 602 grievance "asked why his wife was denied visitation, why she was searched and why she was threatened." Doc. 106 at 1-2. The Court concluded that "[t]hese questions did not serve to put [CSP] on adequate notice of Plaintiff's retaliation claim." *Id.* at 2. Accordingly, because it was undisputed that Plaintiff did not comply with CSP's inmate appeals process concerning his alleged retaliation claim against Couch, the Court found that Plaintiff failed to exhaust his administrative remedies. *Id.* The Court therefore reinstated its prior dismissal order and dismissed Plaintiff's case without prejudice for failure to exhaust. *Id.*

On Plaintiff's appeal, the Ninth Circuit vacated the Court's dismissal order and remanded the case. Doc. 115. The Ninth Circuit held the Court's finding that Plaintiff's September 2007 602 grievance did not put CSP on adequate notice of his retaliation claim was "clearly erroneous because it overlooked [Plaintiff's] uncontradicted testimony that he alleged in his grievance that defendant Couch threatened to move him to the [SHU] if [Plaintiff] filed a grievance about the denial of his wife's visit." *Id.* at 2. The Ninth Circuit therefore vacated and remanded the case for further proceedings. *Id.*

The Court concludes that another evidentiary hearing is necessary to determine whether Plaintiff exhausted his administrative remedies. *See Albino v. Baca*, 747 F.3d 1162, 1170-71 (9th Cir. 2014) (en banc) ("[I]f feasible, disputed factual questions relevant to exhaustion should be decided at the very beginning of the litigation."). The hearing will be limited to the issue of whether Plaintiff in fact submitted any of his two alleged 602 grievances and, if so, whether either put Defendant on notice of Plaintiff's retaliation claim.

Based on the prior evidentiary hearing, the Court anticipates the parties will dispute whether Plaintiff filed the first of his two alleged 602 grievances in September 2007. The Court notes, however, that "disputed factual questions relevant to exhaustion should be decided by the judge, in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue." *Id.* The Court further notes that, because Plaintiff testified that he filed both 602s and that they sufficiently stated the basis for his retaliation claim, which Defendant apparently intended to refute at the evidentiary hearing, *see* tr. at 28:21-29:25, the resolution of whether Plaintiff exhausted his administrative remedies will likely turn a credibility determination.[2]

---

[2] The Court is permitted to make such a determination at the evidentiary hearing. *See Albino*, 747 F.3d at 1171 (citing *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir.1987) (holding the district judge "has the discretion to take evidence at a preliminary hearing [on jurisdiction] in order to resolve any questions of credibility or fact") and *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 188-90 (1936) (holding that the district judge may "inquire into the facts as they really exist" at an evidentiary hearing on jurisdiction); *Panah v. Calif. Dep't of Corrections & Rehab.*, No. 14-cv-166-BLF, 2015 WL 1263494, at *4 n.4 (N.D. Cal. Mar. 19, 2015): "The Court may, if necessary, hold an evidentiary hearing in order to resolve questions of credibility or determine disputed facts. *See, e.g., Meredith v. Ada Cnty. Sheriff's Dep't*, 2014 WL 4793931 at *4 (D. Idaho Sept. 25, 2014) (citing *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir.1987)); *Cato v. Darst*, No. 2:14-cv-959-TLN-KJN-P, 2016 WL 1734759, at *15 (E.D. Cal. May 2, 2016).

Accordingly, the Court will hold an evidentiary hearing concerning these matters on December 21, 2016, at 8:30A.M.

IT IS SO ORDERED.

Dated:  **November 4, 2016**               **/s/ Lawrence J. O'Neill**
                                           UNITED STATES CHIEF DISTRICT JUDGE