UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK JONES, | 1:08-cv-069-LJO-MJS |
| Plaintiff, | ORDER PURSUANT TO EVIDENTIARY HEARING |
| v. | |
| CDC ISU OFFICER COUCH, | |
| Defendant. | |

California state prisoner Mark Anthony Jones appealed pro se to the Ninth Circuit from this District Court's judgment dismissing for failure to exhaust administrative remedies in his 42 U.S.C. section 1983 action alleging a First Amendment retaliation claim. The Circuit Court vacated and remanded for further proceedings upon its finding that the District Court overlooked uncontradicted testimony that he alleged in his grievance that the defendant had made a threat of retaliation if the plaintiff were to file a grievance.

Pursuant to the remand, on March 1, 2017, an Evidentiary Hearing took place. The plaintiff testified, as did Captain Tammy Campbell from the California Department of Corrections and Rehabilitation (CDCR). Two issues were discussed, argued and resolved:

1. Whether the Plaintiff filed any grievance/s; and if yes,
2. Whether it/they alleged a retaliation claim against defendant Couch.

1

After conclusion of testimony and following the arguments from both sides of the litigation, the Court ruled from the Bench.  The transcript from that hearing is incorporated by reference herein. The Court, based on documents received and testimony given, and specifically having made credibility findings of the witnesses finds:

1. The plaintiff filed neither a grievance on September 20, 2007 nor one on October 15, 2007;
2. Even had the Court believed the plaintiff's testimony about filing either or both of the grievances, he did not include any claim for retaliation.  Instead, the alleged grievances were at most inquiries for facts, since the plaintiff was admittedly not present at the incident involving his wife;
3. Even had the alleged filing of the September 20, 2017 grievance actually occurred, with no response from CDCR that followed after its informal filing, the plaintiff was required to follow up with a formal filing at the next level (pursuant to the unrefuted testimony of Captain Campbell). That never happened.
4. The plaintiff failed to exhaust his administrative remedies since he failed to file a timely 602 grievance, or any other sufficient document.

Therefore, the Court DISMISSES this case without leave to amend.  The Clerk of the Court is directed to CLOSE this case.


IT IS SO ORDERED.

Dated:   **March 2, 2017**                      /s/ Lawrence J. O'Neill
                                                      UNITED STATES CHIEF DISTRICT JUDGE